GLOBAL INTERACTIVE MEDIA INC.,

                    Plaintiff,                                    OPINION AND ORDER

    v.
                                                                 18-cv-597-wmc

BROADCAST INTERACTIVE MEDIA, INC.,

                    Defendant.

On June 7, 2019, plaintiff Global Interactive Media, Inc. ("GIM") filed a motion for default judgment against the remaining defendant in this case, Broadcast Interactive Media, LLC ("BIM"). (Dkt. #65.) The court held a hearing on plaintiff's motion, after which the court directed plaintiff to provide evidence to support its request for default judgment. (Dkts. #72, 79.) Plaintiff has now done so. (Dkts. #73, 80.) Now satisfied with plaintiff's proof of damages, the court will enter default judgment in the requested amount.

## FACTS

Plaintiff GIM initially asserted three claims for patent infringement against defendants BIM and Titan TV, Inc. ("Titan"). (Compl. (dkt. #1) 3-9.) Following briefing on Titan's motion to dismiss, the court directed expedited discovery and permitted an early motion for summary judgment on the question of successor liability. (Dkt. #21.) Titan was later dismissed via stipulation on February 21, 2019, after it settled with GIM, leaving only BIM as a defendant. (Dkt. #61.) Because BIM had failed to file any responsive pleading within twenty-one days of service, GIM moved for entry of default against it,

which the clerk of court granted. (Mot. for Entry of Default (dkt. #62) 1; Entry of Default (dkt. #63).)

However, the court subsequently discovered that plaintiff GIM had previously sued defendant BIM in this very court seeking the same damages on the basis of the same allegedly infringed patents. (*See* 17-cv-26-jdp.) Moreover, in that earlier case, Judge Peterson declined to award default judgment because GIM failed to substantiate its requested damage award after the clerk's entry of default, and the case was voluntarily dismissed *without prejudice*. (17-cv-26-jdp dkts. #15, 18.) Oddly, plaintiff failed to disclose the relationship between these two cases when filling out the civil cover sheet for this case. (*See* dkt. #3-1.)

Nevertheless, on July 17, 2019, the court held a hearing on GIM's renewed request for entry of default judgment, at which plaintiff's counsel appeared. Following that hearing, the court directed plaintiff: (1) to demonstrate why the court should not sanction plaintiff and its present counsel for failure to disclose this case's relationship with Case No. 17-cv-26, and in particular Judge Peterson's order on plaintiff's previous request for default judgment; and (2) to provide any additional evidentiary support for its present request for default judgment. (Dkt. #72.)

In its response, plaintiff filed new evidentiary support and asserted that sanctions should not be imposed. (Pl.'s Resp. (dkt. #73) 1-3.) More specifically, plaintiff's counsel represented that they read the instructions on the civil cover sheet to require only the identification "related *pending* cases," and since case 17-cv-26 had by then been dismissed, they did not believe it appropriate to disclose that case. (*Id.* at 2.) Plaintiff further wrote, "Regardless, counsel now apologizes to the Court for any misunderstanding of its rules and

procedures." (*Id.*)  To justify why plaintiff did not previously submit its damages evidence to Judge Peterson, and more importantly why it did not do so *again* in filing its motion for default judgment on June 7, 2019, plaintiff's counsel explained that at the time it "did not have permission to submit its damages evidence with the Court because of third party confidentiality obligations" to Titan.  (*Id.* at 3.)  Of course, absent from this explanation is whether plaintiff and its counsel had hoped to slide its request for default judgment by a *different* judge of this court without even acknowledging the defect *already* identified by Judge Peterson.

Leaving that aside for the moment, plaintiff also argues that it is entitled to $100,000 in requested damages, and for support, provides for the first time a copy of the settlement agreement between GIM and Titan, in which Titan agreed to pay $100,000 in consideration for a full release under the patents-in-suit.  Plaintiff asserts that, if anything, BIM's liability was greater than that of Titan's.  Indeed, according to plaintiff, BIM's period of infringement dates back "at least" to 2014 and runs until November 13, 2015, when it sold the patents-in-suit to Titan.[1]  In contrast, Titan's period of infringement is limited to November 13, 2015 -- when it acquired the assets from BIM -- until March 21, 2016 -- the date of the last expiring patent.  As proof of the $100,000 settlement amount, plaintiff attached a $10,000 wire transfer from Titan to GIM and a $90,000 check from Titan's insurer to GIM, with the subject line "Settlement of GIM v. Titan TV matter."  (Dkts. #80-1, 80-2.)

---

[1] The settlement agreement between GIM and Titan provided that Titan bears no successor liability for any patent infringement committed by BIM.

# OPINION

First, addressing the issue of sanctions, the court remains concerned over plaintiff's and its counsels' lack of candor, not just in its original cover sheet but with respect to the failure to disclose its blatant, initial submission at an equally objective motion for default judgment until pointed out by the court. The court will take counsel at their word that they simply misunderstood the court rules and procedures, and did not consciously intend to mislead this court. Accordingly, no sanctions will be imposed, although *any* similar conduct in the future will *not* be dealt with so leniently by this court.

Second, the court must determine whether default judgment in the amount requested by plaintiff is warranted. While "the well-pleaded allegations of the complaint relating to liability are taken as true" for purposes of the court's consideration of a motion for default judgment, facts "relating to the *amount* of damages suffered must be proved." *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (emphasis added) (citing *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990); *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Moreover, in a patent infringement case, the amount of damages must be "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. A reasonable royalty "may be based upon an established royalty, if there is one, or if not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant." *Rite–Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995).

Because there was no established royalty, plaintiff must provide evidence that hypothetical negotiations between it and BIM would have resulted in the requested $100,000. Here, plaintiff makes its case by referencing a parallel negotiation with the

previously dismissed defendant Titan, in which Titan agreed to pay $100,000 to plaintiff in consideration for a full release under the patents-in-suit. Plaintiff points out that its respective claims against Titan and BIM involved the same assertions of infringement over the same patents, and that if anything, BIM's liability would be greater than Titan's. As such, plaintiff argues that the $100,000 figure reflects the minimum it would have received in a hypothetical negotiation between it and BIM. The court agrees, concluding that $100,000 is an appropriate judgment amount absent BIM coming forward with any contrary evidence. Moreover, in producing evidence of Titan's check and wire transfer for the $100,000 settlement, plaintiff has proved the bona fides of this transaction. Accordingly, the court will award plaintiff a default judgment in this amount against remaining defendant BIM.

## ORDER

IT IS ORDERED that plaintiff Global Interactive Media, Inc.'s motion for default judgment (dkt. #65) is GRANTED, and judgment is entered in favor of plaintiff Global Interactive Media, Inc., against defendant Broadcast Interactive Media, LLC, in the amount of $100,000.

Entered this 25th day of February, 2020.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge